UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD LASCOLA,<br>Petitioner, | ) | |
| v. | ) | CR No. 00133-01-ML |
| UNITED STATES OF AMERICA<br>Respondent. | ) | |

**MOTION TO MODIFY RESTITUTION ORDER PURSUANT TO 18 U.S.C. § 3664(j)(2)(A) and (B)**

NOW HERE comes Todd LaScola, appearing pro se', who moves this Honorable Court to modify or credit the petitioner's restitution order pursuant to Title 18 U.S.C. § 3664(j)(2)(A) and (B).

**ISSUE**

The United States Attorney's office refuses to act, on its own authority, to credit the defendant's restitution amount for payments made to the victims from the distributions made by CPI Investment Management, CPA Advisors Network, and RBG Investments from the liquidation of assets directly related to the petitioner's criminal case. Therefore, the petitioner is forced to move this Court to amend the restitution order or, in the alternative, credit the petitioner's restitution.

**FACTS**

The petitioner first informed the United States Attorney, through the Federal Bureau of Prisons, about payments to the victims in the middle of 2004. (Exhibit A)

Having had no success in the matter, the petitioner included the restitution amounts in his South Carolina bankruptcy filing, contesting such as paid. (Exhibit C)

The Department of Justice, through the United States Trustee, contested the validity of the petitioner's bankruptcy proceeding. (exhibit D, entries 11,12, 13, 14, 18, 19, 24, 25, 57)

No "victim" chose to object, when afforded the opportunity in the bankruptcy proceeding, to the petitioner's claim that restitution had been satisfied.

After numerous filings and inquiries, the petitioner was able to secure proof of payment and filed such in the bankruptcy proceeding. (Exhibit B)

The petitioner then provided the United States Attorney with the proof of restitution. (Exhibit A) No response was provided.

The Federal Bankruptcy Court, over the objections of the United States Trustee, granted the discharge of the petitioner's bankruptcy with no conditions related to the restitution claims nor did the court rule that the restitution, which the petitioner claimed was satisfied, was yet unsatisfied. (Exhibit E)

In May 2005, the petitioner once again attempted to rectify this matter with the United States Attorney. (exhibit F)

In July 2005, the petitioner made one final request to the United States Attorney to which no response was given.

The petitioner is being forced by the Bureau of Prisons to continue to pay additional restitution until the United States Attorney or the United States District Court resolves this matter. This hinders the petitioner's ability to communicate fully with his family by severely limiting the available funds for phone privileges.

**APPLICABLE LAW**

The First Circuit has clearly indicated that "restitution is not (generally) appropriate when in would represent double recovery." (US v Parsons, 141 F3d 386, 1st Cir. 2005)

Further, the payments made out of the CPA and CPI bankruptcy proceedings must reduce the restitution amount. Title 18 U.S.C. § 3664(j)(2) states:

"Any amount paid under an order of restitution shall be reduced by any amount later recovered...in-

(A) any Federal civil proceeding; and

(B) any State civil proceeding[.]"

This premise also applies to the facts and rulings in the petitioner's United States Bankruptcy Court proceedings in which no "victim" of the criminal case objected to the petitioner's claim that restitution was satisfied and the court chose not to rule otherwise.

**CONCLUSION**

Further, the United States Attorney has failed to provide contrary information to the petitioner indicating a deficiency in restitution, even after repeated requests.

THEREFORE, the petitioner prays for relief from the current restitution order as dictated by the facts and applicable law.

Respectfully submitted this 26th day of August, 2005

Todd J. LaScola
04952-070
FCC Low
P.O. Box 1031
Coleman, FL 33521

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| TODD LASCOLA,<br>Petitioner, | ) | |
| v. | ) | CR No. 00133-01-ML |
| UNITED STATES OF AMERICA<br>Respondent. | ) | |

Certificate of Service

I, Todd J. LaScola, certify that I caused to be delivered via first class, postage prepaid US mail a copy of the within to Donald Lockhart, AUSA, 50 Kennedy Plaza, Providence, RI 02903.

Todd J. LaScola

August 26, 2005