**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TODD J. LASCOLA | ) | |
| | ) | |
| v. | ) | CR No: 00-0133ML) |
| | ) | |
| UNITED STATES OF AMERICA | ) | (Related Case: CA No.03-370ML) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S TO MODIFY RESTITUTION ORDER PURSUANT TO 18 U.S.C. §3664(j)(2)(A) AND (B)**

The petitioner, Todd J. LaScola (LaScola), has moved, pursuant to 18 U.S.C. §3664(j)(2)(A) and (B), to "modify or credit" his restitution order. Because there is no need to modify this Court's restitution order, and because the defendant has not yet made full restitution to his many victims, the government objects.

On May 22, 2001, this Court sentenced the defendant for eight counts of mail and wire fraud, and one count of embezzlement. The defendant was sentenced to 96 months in prison, followed by three years of supervised release. Further, the defendant was ordered to make restitution totaling $8,122,984.53, to be paid to 18 different victims.[1]

This restitution was ordered pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §3663A. While the MVRA's primary mission was to enhance the chances that victims would be made whole, Congress also included provisions to ensure against a victim being paid twice. Therefore, the MVRA mandates that "[a]ny amount paid to a victim under an order of restitution

---

[1] The restitution section from the Judgment in this case is attached as Exhibit 1.

shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in - (A) any Federal civil proceeding; and (B) any State civil proceeding." 18 U.S.C. §3664(j)(2)(A) and (B). Further, compliance with a restitution order is to be enforced by the Attorney General. 18 U.S.C. §3612(c).[2] As restitution is paid, the clerk of the District Court is required to notify the government. 18 U.S.C. §3612(a).

Here, although the defendant has made numerous assertions that all of the victims have been paid through other proceedings, the Clerk has notified the government,[3] pursuant to §3612(a), that the only payments to date are $824.64, forwarded from the defendant's prison account. As to victim compensation through other civil proceedings, based on information and belief, the government is aware that Edward Bertozzi, Trustee for SIPA, along with officials at SIPC, by transactions involving the Florida properties, were able to recoup much of their losses. The government is not aware of whether the entire restitution obligation was fulfilled, but believes that the large majority of that debt was recouped. [4] The same is true of the restitution

---

[2] The MVRA states that the United States may enforce restitution orders as specified in Subchapter B of Chapter 229, which includes 18 U.S.C. §3612. 18 U.S.C. §3664(m).

[3] In this District, the clerk's office routinely advises the paralegal for the U.S. Attorney's Financial Litigation Unit of restitution payments.

[4] One hastens to add that the moneys recouped on behalf of SIPA were obtained through the painstaking and expert efforts of

owed to Allan Shine as receiver for CPI Investment Management. Beyond those two victims, the government is not aware of any of the other victims, including the "priority 1" group, having received compensation which would be cognizable under 18 U.S.C. §3664(j)(2).

The defendant here makes the spurious claim that the "Federal Bankruptcy Court, over the objections of the United States Trustee, granted the discharge of the petitioner's bankruptcy with no conditions related to the restitution claims nor did the court rule that the restitution, which the petitioner claimed was satisfied, was yet unsatisfied." Defendant's Motion at 2. Consistent with the crimes that placed him in prison, this is bald attempt by the defendant to mislead this Court.

On or about July 28, 2004, the defendant filed for bankruptcy (under Chapter 7) in the District of South Carolina. Lascola listed the victims in this case as creditors in his bankruptcy petition. None of the victims filed claims against the defendant's estate. Based on this, Lascola filed an Objection to the "claims" of the criminal victims. The Court dismissed Lascola's claims, noting that because his case was a "no-asset" case,[5] creditors, including his crime victims, were notified that they were not required to file a claim. Therefore, the Court *refused* to diminish in any way the restitution claims

---

Mr. Bertozzi and officials at SIPC, no thanks to Mr. Lascola.

[5] The defendant's petition listed only $200 in assets.

of the victims.[6]

Indeed, the Bankruptcy Court was powerless to do so, as §523 of the Bankruptcy Code specifically prohibits the discharge of debts incurred via criminal restitution orders.[7] The Court explicitly informed the defendant of this legal fact when, on April 29, 2005, it granted him a standard discharge. That discharge order specifically states, in a section entitled "Debts that are Not Discharged," that "[s]ome of the common types of debts which are not discharged in a chapter 7 bankruptcy case are: d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations."[8] [Emphasis in original.] Thus, the defendant's contention that his restitution was

---

[6] The Order of Bankruptcy Judge John E. Waits denying the defendant's objection, dated March 4, 2005, is attached as Exhibit 2.

[7] This section also prohibits the discharge of debts incurred for fraud. It states that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt -

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; ***

(11) provided in any final judgment, unreviewable order, or consent order or decree entered in any court of the United States or of any State, issued by a Federal depository institutions regulatory agency, or contained in any settlement agreement entered into by the debtor, arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union;***

(13) for any payment of an order of restitution issued under title 18, United States Code.

11 U.S.C. §523(a).

[8] The discharge order is attached as Exhibit 3.

discharged in bankruptcy, or, alternatively, that the Bankruptcy Court ratified his claims that the restitution was all paid, is wrong at best, and false at worse.

There is thus no reason for the defendant's Motion to be before this Court at this time. The defendant does not dispute that, at the time the order was issued, the amounts and the identities of the victims were correct. Therefore, the order does not need to be modified. The government has not sought to enforce the restitution order, nor sought to negatively affect the defendant in any way for amounts of restitution which might have already been obtained from other sources. There is thus nothing for this Court to consider.

For these reasons, the defendant's Motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Terrence P. Donnelly
Assistant U.S. Attorney

CERTIFICATION OF SERVICE

I hereby certify that on this 1[4]th day of November, 2005, I served by first class mail, postage prepaid, a copy of the within Government's Response to Defendant's Modify Restitution Order Pursuant to 18 U.S.C. §3664(j)(2)(A) and (B), to the following:

Todd J. LaScola, Reg. No. 04952-070
FCI Coleman Low
P.O. Box 1031
Coleman, FL 33521

Liliana M. Steele

DEFENDANT: [illegible]

# CRIMINAL MONETARY PENALTIES (cont.)

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order | or % of Pymnt |
|---|---|---|---|---|
| Priscilla Baggesen | $134,079.00 | $134,079.00 | 1 | 14% |
| Preben & Mary Christensen | $246,226.38 | $246,226.38 | 1 | 25% |
| Joan Feldman | $97,000.00 | $97,000.00 | 1 | 10% |
| Eleanor Leonard | $30,045.68 | $30,045.68 | 1 | 3% |
| Michael J. Mathieu | $400,000.00 | $400,000.00 | 1 | 41% |
| Steven & Cynthia White | $67,553.25 | $67,553.25 | 1 | 7% |
| SIPA, Trustee of CPA Advisors Network, Inc. c/o Edward Bertozzi | $6,748,793.95 | $6,748,793.95 | 2 | 99% |
| Allen Shine, Receiver, CPI Investment Management, Inc. | $79,639.28 | $79,639.28 | 2 | 1% |
| Alfred Daniel | $37, 500.00 | $37,500.00 | 3 | 11% |
| Deborah Donnell | $9,000.00 | $9,000.00 | 3 | 3% |
| Marc Goldberg | $25,000.00 | $25,000.00 | 3 | 8% |
| Marc Goldberg, Trustee, Family Trust | $24,000.00 | $24,000.00 | 3 | 7% |
| Ronald & Sandra Goldberg | $25,000.00 | $25,000.00 | 3 | 8% |
| William Goldstein, Trustee | $25,000.00 | $25,000.00 | 3 | 8% |
| Edward McGovern | $111,646.99 | $111,646.99 | 3 | 35% |
| Arthur Siegel | $12,500.00 | $12,500.00 | 3 | 4% |
| Morton Wapner & Robert A. Newman | $25,000.00 | $25,000.00 | 3 | 8% |
| Steven Wigrizer | $25,000.00 | $25,000.00 | 3 | 8% |
| TOTALS: | $8,122,984.53 | $8,122,984.53 | 100% under each priority | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

[EXHIBIT 1]

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FILED
____ O'clock & ____ min ____ M
MAR 04 2005
BRENDA K. ARGOE, CLERK
United States Bankruptcy Court
Columbia, South Carolina (11)

ENTERED
MAR 04 2005
K. E. P.

IN RE:

Todd Joseph LaScola,

Debtor.

C/A No. 04-09234-W

ORDER

Chapter 7

THIS MATTER comes before the Court upon Debtor's Objection to Claims pursuant to 11 U.S.C. § 502 (the "Objection") in which Todd Joseph LaScola (the "Debtor") objects to claims that he listed on his Schedules as a result of a criminal judgment involving victims who were clients of CPA Advisors Network ("CPA") and/or CPI Investment Management ("CPI"). It appears that, based upon documentation submitted by Debtor attached to his Objection, CPA was placed into liquidation under the Securities Investor Protection Act, 15 U.S.C. § 78aaa *et seq.* ("SIPA"), and that Debtor, a principal of CPA involved in the improper transfer of funds from CPA customer accounts, has been criminally convicted and imprisoned as a result of such transfers. The SIPA proceeding was administered before the United States Bankruptcy Court for the District of Rhode Island.

Debtor contends that all creditors relating to the above proceeding, including clients of CPA and CPI, as well as the Securities Investor Protection Corporation, have been fully satisfied through the SIPA proceeding or otherwise. Accordingly, he requests that the Court deem the claims as "satisfied" and dismiss said claims.

However, the Court declines to grant Debtor's request for several reasons. First, there have been no claims filed in this case. 11 U.S.C. § 501 governs the filing of proof of claims. The legislative history to 11 U.S.C. § 501 provides that the filing of a proof of claim should be accomplished where some purpose would be served. In no-asset liquidation cases, such filing is not necessary. H.R. REP. NO. 95-595, at 351 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6307. The

[EXHIBIT 2]

purpose of filing a proof of claim "is to allow the creditor to assert a right to participate in the distribution of assets." Deutsch-Sokol v. Northside Savings Bank (In re Deutsch-Sokol), 290 B.R. 27, 31 (Bankr. S.D.N.Y. 2003). See also Beezley v. California Land Title Co. (In re Beezley), 994 F.2d 1433, 1435 (9th Cir. 1992) (the filing of a claim is the sine qua non of participating in a distribution of the estate's assets).

Debtor's bankruptcy case is a chapter 7 no-asset case, and creditors were advised not to file proofs of claim unless otherwise notified. No distribution to creditors is anticipated Accordingly, Debtor's Objection to claims that have not been filed appears moot and is a sufficient basis to deny the Objection.[1]

Further, the Court separately notes that courts have uniformly held that debtors in a chapter 7 no-asset case do not have standing to object to a proof of claim unless there will be a surplus of funds. United States v. Jones, 260 B.R. 415, 417-18 (E.D. Mich. 2000) (citing cases). See e.g., Willemain v. Kivitz, 764 F.2d 1019, 1022 (4th Cir. 1985) (applying the principle that an insolvent debtor lacks standing to object to claims to a debtor's appeal from a proposed sale of property); In re Toms, 229 B.R. 646, 650 (Bankr. E.D. Pa. 1999) (standing to object to claims in a chapter 7 case is typically reserved to the trustee who has a duty to do so if a purpose would be served); In re Payne, No. 95-8343, 1996 WL 33340789, at *2 (Bankr. D.S.C. June 5, 1996) (debtor appeared to have standing to object to trustee's motion to estimate proof of claim where there would likely be a 100% distribution).

[1] It has been recognized that an objection to a proof of claim by the chapter 7 trustee is pointless in a no-asset case since there would be no distribution to creditors. In re Toms, 229 B.R. 646, 650 n.3 (Bankr. E.D. Pa. 1999). The same observation can be made with respect to objections by chapter 7 debtors, as discussed more fully hereinafter.

A few courts have also found that chapter 7 debtors in a no-asset case may have standing to object to claims if sustaining a debtor's objection to a proof of claim would then make funds available to pay nondischargeable claims for which the debtor may be responsible for satisfying post-bankruptcy. Jones, 260 B.R. at 418 (citing Mulligan v. Sobiech, 131 B.R. 917, 920 (S.D.N.Y. 1991).

In a chapter 7 case, a discharge under 11 U.S.C. § 727(b) discharges a debtor from all pre-petition debts except for those listed in 11 U.S.C. § 523(a), whether or not a proof of claim based on any such debt or liability is filed or allowed. 11 U.S.C. § 727(b). A complaint to determine dischargeability of such debts in a chapter 7 may be filed at any time, except for those debts listed under 11 U.S.C. § 523(c). Fed. R. Bankr. P. 4007(b) and (c).[2] As noted by one bankruptcy court, in a chapter 7 no-asset case, where there is no possibility of a surplus that could be returned to the debtor, the trustee can object to a claim (if necessary or appropriate) or the debtor can bring an adversary proceeding to make a determination of dischargeability. Jones, 260 B.R. at 419. The debtor does not have standing to object to a proof of claim unless, as a result of sustaining such an objection, funds would then be available to pay the nondischargeable debt. Id. See also COLLIER ON BANKRUPTCY, ¶ 502.02[2][c] (15th ed. rev. 2003) (unless there is a determination that could be made that a nondischargeable claim could be satisfied in some measure by a potential distribution or if disallowance would yield a solvent estate, the debtor has no pecuniary interest and does not have standing to object).

In the matter before the Court, there has been no indication that there could be a surplus of funds available for distribution. Debtor listed $200.00 in assets and liabilities exceeding

---

[2] 11 U.S.C. § 523(c) references debts of a kind specified in 11 U.S.C. § 523(a)(2), (4), (6), and (15).

$10,000,000.00.[3] There has been no proceeding commenced that would yield a distribution of any funds to the estate or effect such distribution.[4] Further, given that Debtor only lists $200.00 in assets, it appears unlikely that sustaining Debtor's Objection, even if appropriate, could make funds available for distribution or to pay nondischargeable debts, if any. Accordingly, there being no claims filed in this case and for the further reasons as set forth herein, it is hereby

**ORDERED** that Debtor's Objection is moot or in the alternative, is denied.

**AND IT IS SO ORDERED.**

John E. Waites
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
March 4, 2005

---

[3] The Court notes that Debtor is currently incarcerated.

[4] Debtor contends in its Objection that all claims referenced therein have in fact been satisfied through the related SIPA proceeding. There is some evidence in the record that certain debts may be the result of a criminal restitution order. Whether these debts remain or are nondischargeable is not before the Court. See 11 U.S.C. § 523(a)(7), (a)(13), (a)(19).

**Form 166BNC** (Revised 04/22/2002)

***United States Bankruptcy Court – District of South Carolina***
J. Bratton Davis United States
Bankruptcy Courthouse
1100 Laurel Street
Columbia, SC 29201-2423

Case Number: 04-09234-jw Chapter: 7

**In re:** ***(Debtor(s) name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address)***

Todd Joseph LaScola
04952-070 FCC LOW
PO Box 1031
Coleman, FL 33521

SSN: xxx-xx-7114

**Entered By The Court**
**04/29/05**

**ORDER**
**DISCHARGE OF DEBTOR**
**ORDER DISCHARGING TRUSTEE**
**ORDER CLOSING CASE**

**Filed By The Court**
**04/29/05**
**Brenda K. Argoe**
**Clerk of Court**
**US Bankruptcy Court**

---

It appearing that the debtor is entitled to a discharge, **IT IS ORDERED:**

1. The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).
2. The trustee has certified that the estate of the above-named debtor(s) has been fully administered, therefore, *Ralph C. McCullough II* , is discharged as the trustee of the above named debtors(s) and the bond is canceled.
3. The Chapter 7 case of the above-named debtor(s) is closed.

Columbia, South Carolina
April 29, 2005
Document 65

John E. Waites
United States Bankruptcy Judge

SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

[EXHIBIT 3]

# EXPLANATION OF BANKRUPTCY DISCHARGE IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;
b. Debts that are in the nature of alimony, maintenance, or support;
c. Debts for most student loans;
d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;
f. Some debts which were not properly listed by the debtor;
g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**