**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| TODD J. LASCOLA<br>PETITIONER, | ) | |
| v. | ) | CR No. 00-0133 ML |
| UNITED STATES OF AMERICA<br>RESPONDENT. | ) | |

**REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO MODIFY RESTITUTION ORDER**

Now here comes Todd J. LaScola, petitioner pro se', who submits this response to the government's objection to the petitioner's aforementioned motion.

The government contends that it "has no knowledge" that any victim but the SIPC has been satisfied. (See Government's Response, Pg. 2) This is, at best, an intentional disregard of information directly provided by Mr. Bertozzi to the United States Attorney's office, provided again, in particularly simple detail, by the petitioner in multiple correspondence (See Motion to Modify, Exhibit A), and in its entirety in the attachments to the original motion. More realistically, it is an intentional disregard of facts in an attempt to preserve the government's long standing, and maliciously false, profession that the underlying securities (RBG notes) in this case were worthless.

Each and every victim in the restitution order had a claim through CPA's and/or CPI's bankruptcy proceeding. (See Motion to Modify, Exhibit B, Sub-exhibit I and II) Mr. Bertozzi, to his credit, made it clear that "all customer claims have been satisfied". (See Motion to Modify, Exhibit B, Sub-exhibit 4, Pg. 3 and Sub-exhibit 5, Pg. 11) Mr. Bertozzi even went so far as

to list separately the victim claims not applicable to CPA, but rather CPI and the respective balances not yet satisfied. (Motion to Modify, Exhibit B, Sub-exhibit 5, Pg. 19 and 20) These include those "category 1" victims that the government claims no knowledge of, totalling $591,328. (See Government's Response, Pg. 3) These funds were distributed by Mr. Bertozzi to CPI in the final distribution exceeding $617,000. (See Exhibit A, Pg. 1)

Therefore, it appears clear that the victims have been satisfied. This is further supported by the silence of all victims in the petitioner's bankruptcy proceeding.

The government's lack of factual basis for its objection is further confirmed by the government's attempt to diminish the fact that the RBG notes had value by its inflammatory and, at least in respect to the issue of victims being satisfied, irrelevant comments. (See Government's Response, Note 5) The government ignores the assistance provided by the petitioner to Mr. Bertozzi, both immediately following sentencing and then again when requested by Mr. Bertozzi once incarcerated. More so, the government ignores the fact that, while there is no question as to the inappropriate and harmful actions of the petitioner in purchasing the RBG notes for the victims and the exceptional efforts of Mr. Bertozzi, the incontestable fact is that the petitioner purchased something of value on behalf of the victims. He did not, as the government tries to imply, steal and hide client assets that were only recovered by the victims due to outside factors. This is contradictory to even the government's version of the offense (Government's Sentencing Memorandum, Pg. 21: stating the petitioner's intent was to purchase the RBG notes on behalf of the victims)

The government further attempts to mislead the court with its response relating to the petitioner's bankruptcy. While the government concedes that "MVRA's primary mission" is to make the victims whole (Government's Response, Pg. 1), it goes on to assert that §523 of the Bankruptcy Code specifically excludes the discharge of restitution orders. (See Government's Response, Pg. 4) The government specifically excludes the well established qualifiers for deeming restitution nondischargeable to serve its purpose:

"Although Bankruptcy Code § 523(a)(7) applies to both civil and criminal penalties, (citation omitted) in order to qualify for a dischargeability exemption under subsection 523(a)(7), normally the particular penalty must serve some 'punitive' or 'rehabilitative' government aim[.]" (See Whitehouse v Laroche, 277 F3d 568, 1st Cir., 2002) Orders under MVRA, as the government concedes, qualify as compensatory, not punitive damages.

Further, caselaw on this of Bankruptcy discharging restitution issues, is significant. When "the money - is ultimately payable to the victims (Towers, 162 F3d 952, 955)...we find that [Rashid's] restitution obligation is not exempt from discharge pursuant to §523(a)(7)." (Rashid, 210 F3d 201, 208; citing Kelly v. Robinson, 479 US 36)

Lastly, the government, knowing its arguments are flawed, resorts to complete falsehood in its final paragraph: "the government has not sought to enforce the restitution order, not sought to negatively effect the defendant in any way[.]" (Government Response, Pg. 5) As the petitioner clearly states in his Motion to Modify, the Department of Justice is enforcing the restitution order. (Motion to Modify, Pg. 3) For the government to disregard another division (Bureau of Prisons) within the same Department (Department of

Justice) as the "government", and instead, limit the government to the Rhode Island United States Attorney's Office, is misleading at best.

The government, though investigating the victim repayments since May 2005 (See Motion to Modify, Exhibit F), has provided no suggestion as to a specific victim left out of the various distributions. All documentation provided indicates recovery by the victims. Additionally, while the petitioner believes all victims have been satisfied, the bankruptcy proceedings and discharge makes any remaining issue moot.

Respectfully submitted this 10th day of November, 2005

Todd J. LaScola
Petitioner, pro se'
FCC - Low
P.O. Box 1031

Coleman, FL 33521

CERTIFICATE OF SERVICE

I certify that on November 10, 2005, I served the within reply and exhibit to Terrence Donnelly, AUSA, 50 Kennedy Plaza, Providence, RI 02903.

Todd J. LaScola
Petitioner, pro se'

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SECURITIES INVESTOR PROTECTION CORPORATION**<br>**Plaintiff**<br><br>**Vs.**<br><br>**TODD JOSEPH LASCOLA,**<br>**CPI INVESTMENT MANAGEMENT, INC. and**<br>**CPA ADVISORS NETWORK, INC.**<br>**Defendant** | ) | **Case No. 98-610** |

**MOTION TO REOPEN PROCEEDING**

Allan M. Shine, in his capacity as the Court-appointed Receiver of CPI Investment Management, Inc. ("CPI") and CPA Advisors Newtork, Inc. ("CPA") herein, hereby moves this Court to reopen this proceeding on the grounds that the Receiver has not been discharged from his duties and has in excess of $617,000 to distribute to creditors of CPI who have filed claims with the Receiver. In support hereof, the Receiver relies upon the accompanying Memorandum of Law.

WHEREFORE, the Receiver respectfully prays that this Court reopen this action as so that the Receiver may discharge his duties as Receiver to CPI's creditors, review and investigate claims that have been filed with the Receiver, distribute funds to creditors holding allowed claims against CPI, and file a Final Report with this Court.

Exhibit A

**ALLAN M. SHINE, RECEIVER OF CPI INVESTMENT MANAGEMENT, INC.**

By his Attorney,

Diane Finkle

Diane Finkle, Esq.
State Bar No. 2644
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903
Telephone: (401) 273-8300
Facsimile: (401) 272-5728
Dated: 8/25/05